**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| KINETIC CONCEPTS, INC., ET AL., | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-188 |
| | § | |
| BLUESKY MEDICAL | § | |
| GROUP, INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendants' motion (#29) to transfer venue to the Western District of Texas–San Antonio Division.[1] In this case, the plaintiffs (collectively referred to as "Kinetic Concepts") have accused the defendants of infringing U.S. Patent No. 7,216,651, which is directed to wound care therapies. For the reasons discussed below, the court grants the defendants' motion (#29) to transfer, and orders the clerk to transfer this case to the Western District of Texas–San Antonio Division.

**1.     Factual Background and Procedural History**

This action is the second patent infringement lawsuit between the above-captioned parties that pertains to wound care therapy.[2] The first lawsuit was filed on August 28, 2003, in the Western District of Texas–San Antonio Division, and was assigned to the Honorable Royal Ferguson, United

---

[1] BlueSky Medical Group, Inc. and Smith & Nephew, Inc. (collectively referred to as BlueSky) are the only defendants requesting transfer. Defendants Smith & Nephew Holdings, Inc. and Smith & Nephew, PLC have filed a separate motion to dismiss for lack of personal jurisdiction. *See* Dkt. No. 23.

[2] The first lawsuit also included Medela, Inc., Medela AG, and one other defendant who is not a party to this action. Although the Medela entities are not party to this action, they are defendants in a companion case brought by Kinetic Concepts in this district for infringement of the '651 patent. *See Kinetic Concepts, Inc. v. Medela, Inc.*, No. 2:07-CV-187 (E.D. Tex. filed May 15, 2007).

States District Judge for the Western District of Texas–San Antonio Division. In the first lawsuit, the plaintiffs accused BlueSky Medical's Versatile 1 System of infringing U.S. Patent Nos. 5,636,643, 5,645,081, and 4,969,880.[3] The Medela entities were defendants in that case because they supplied the Vario 18 suction pump to BlueSky Medical for use in the Versatile 1 System. In the first trial, Judge Ferguson engaged in substantial pretrial activity that included presiding over two separate *Markman* hearings. On August 3, 2006, at the end of a twenty-two day trial, the jury in the first lawsuit found the plaintiffs' patents valid and not infringed by the defendants. Judge Ferguson entered final judgment in the first lawsuit on August 29, 2006, and all parties thereafter filed appeals to the Federal Circuit.

On May 15, 2007, which is the day the '651 patent issued, the plaintiffs filed the present action. The '651 patent is a continuation of the application that issued as the '643 patent, and is a continuation-in-part of the application that issued as the '081 patent. In the instant action, the plaintiffs accuse BlueSky's Versatile 1 System and BlueSky's VISTA System, which are similar technology to the Versatile 1 System accused of infringement in the prior case, of infringing the '651 patent. *See, e.g.*, Plaintiffs' Response at 8.

On May 23, 2007, BlueSky filed a declaratory judgment action on the '651 patent in the Western District of Texas–San Antonio Division.[4] On July 23, 2007, BlueSky filed the instant motion, and it is now ripe for review.

---

[3]  The first lawsuit proceeded to trial on only the '643 and '081 patents.

[4]  This action was assigned to Judge Ferguson, who stayed the case pending resolution of the instant motion by this court. *See BlueSky Medical Group, Inc. v. Kinetic Concepts, Inc.*, No. 5:07-CV-454 (W.D. Tex. Oct. 11, 2007)

2

**2.     Discussion**

When faced with a motion to transfer venue, the court must first determine whether the proposed transferee forum would have been a court of proper venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). Here, the parties concede that the Western District of Texas is a court of proper venue.

Having established that the Western District of Texas is a venue in which the case might have been brought, the court now turns to the merits of the motion to transfer. The plaintiffs' choice of forum is entitled to deference. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). In light of that deference, the court must consider the various private and public interest factors to determine whether a transfer is warranted. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Here, the court is satisfied that the defendants have carried their burden to show that the court should transfer venue.

Although the private interest factors in this case are neutral, the public interest factors overwhelmingly favor a transfer. The plaintiffs filed a prior suit based on closely related patents against Bluesky Medical[5] in the Western District of Texas, and that case was assigned to Judge Ferguson. The accused technology in the instant suit is similar to the accused technology in the previous suit. *See, e.g.*, Plaintiffs' Response at 8. The patent-in-suit shares a written description with a patent at issue in the previous litigation between the parties. Judge Ferguson has substantial experience with these parties,[6] and has invested time and effort in learning the technology at issue in the case. Judicial economy therefore supports the transfer of this action as well.

---

[5]     The Smith & Nephew entities are defendants in this case because of the purchase of BlueSky Medical by Smith & Nephew, Inc. in May, 2007. *See* Defendants' Reply at 4.

[6]     Namely, Kinetic Concepts and BlueSky Medical, which is now owned by Smith & Nephew, Inc.

**3.     Conclusion**

In light of the above discussion, the court grants BlueSky's motion (#9) to transfer, and orders the clerk to transfer this case to the Western District of Texas–San Antonio Division.

SIGNED this 14th day of January, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE